In re Eugene Jessie WRIGHT, d/b/a Quick–Way Express, and Linda Wooten Wright, p/k/a L & G Diesel and Trucking, Debtors.

No. 00–40171.

United States Bankruptcy Court,
W.D. North Carolina,
Shelby Division.

Jan. 5, 2001.

O. Max Gardner, III, Law Offices of O. Max Gardner, III, P.C., Shelby, NC, for debtors.

Byron L. Saintsing, Krista F. Norstog Leonard, Smith, Debnam Narron Wyche Story & Myers, L.L.P., Raleigh, NC, for creditor.

### ORDER ON OBJECTION OF FINANCIAL PACIFIC LEASING, LLC TO DEBTORS' MODIFICATION OF CHAPTER 13 PLAN

J. CRAIG WHITLEY, Bankruptcy Judge.

**(Administrative Expense Issue)**

This matter came on for hearing before the undersigned on November 17, 2000, upon the debtors' motion to modify their Chapter 13 payment plan and the objection thereto filed by Financial Pacific Leasing, LLC. Based on that hearing and the case record, the Court makes the following:

### FINDINGS OF FACT

The debtors formerly operated two trucking businesses as sole proprietorships in Kings Mountain, North Carolina. On

behalf of one of the businesses, L & G Diesel and Trucking, debtor Eugene Wright executed and delivered a lease for a 2000 Wabash trailer and Thermo King refrigeration unit ("trailer") to Financial Pacific Company on or about July 29, 1999. This lease was subsequently assigned to Financial Pacific Leasing, LLC ("FPL"). The debtors ran into financial difficulties and filed this joint Chapter 13 case on March 15, 2000. The FPL lease was in default when the petition was filed.

In their Chapter 13 plan, the debtors proposed to assume the unexpired trailer lease. They also listed unpaid arrearages owed to FPL of $3,350.00. FPL objected to confirmation on the grounds that the debtors had incorrectly valued its claim, and that the plan did not propose to cure the arrearages or offer adequate assurance of future performance as required by the Bankruptcy Code. After a hearing, the Court denied FPL's objection but imposed certain conditions upon confirmation. The Court determined that the trailer lease was assumed by the debtors, that the prepetition lease arrearage was $3,618.44, and that the arrears had to be paid within five months or FPL would be entitled to automatic stay relief. *See* "Order Denying Objections to Plan Confirmation Filed by the Chapter 13 Trustee and by Financial Pacific Leasing, LLC and Order Confirming Chapter 13 Plan," entered June 1, 2000. On this basis, the debtors' plan was confirmed.

On October 17, 2000, the debtors moved to modify their Chapter 13 plan due to additional financial reversals. The motion stated that the debtors wished to "abandon" various items of collateral to secured creditors, including the trailer leased from FPL. In addition, the debtors requested that the Court modify the plan by "directing the Trustee to strike the secured claims [plus any unsecured split-claim related thereto] of the creditors identified herein and by allowing the said creditors 90 days ... to file any deficiency claim."

FPL objected to the motion to modify for various reasons. Most significantly, the creditor maintained that because the debtors had assumed the trailer lease, it was entitled to an administrative expense priority claim under § 507(a)(1). FPL argued that the debtors could not force a lessor to accept return of the leased equipment in full satisfaction of its administrative claim, or unilaterally convert its administrative claim to a general unsecured claim. The Court held a hearing on the debtors' motion and allowed the requested modification, subject to a determination of the proper priority of FPL's claim. *See* "Order Approving in Part Motion to Modify Chapter 13 Plan," entered Dec. 4, 2000.

The parties have each provided additional authorities on the priority issue, and the Court now makes its ruling as discussed below.

## CONCLUSIONS OF LAW

Section 365(g) governs the treatment of claims for damages arising from a debtor's *rejection* of an unexpired lease. Under § 365(g)(1), damages resulting from rejection of such a lease (absent a previous assumption) are construed as arising immediately before the date of the filing of the petition. Accordingly, the damages are treated as a general unsecured claim under § 502(g).

Section 365(g)(2) applies to claims for damages arising from a debtor's rejection of a lease that was *previously assumed.* This provision states that where an assumed lease is later rejected, the resulting damages are construed as arising postpetition at the time of such breach.[1]

---

1. The rules are more complicated when a case converts from one chapter to another. If the executory contract or lease is assumed prior to conversion, then rejected post-conversion, the damages are deemed to have arisen immediately prior to the conversion. 11 U.S.C. § 365(g)(2)(B)(i). However, where assumption occurs post-conversion and then there is a rejection in the converted case, any damages are deemed to have arisen at the

11 U.S.C. §§ 365(g)(2)(A). Unlike damages resulting form postpetition rejection of an unassumed lease, which are characterized as arising prepetition and are treated as an unsecured claim, postpetition damages resulting from the breach of a previously assumed lease are entitled to priority as an administrative expense. *Devan v. Simon DeBartolo Group, L.P. (In re Merry–Go–Round Enterprises, Inc.),* 180 F.3d 149 (4th Cir.1999).[2] Such damages include any unpaid rent due under the terms of the lease. *Id.* at 156.

Here, the debtors expressly assumed the unexpired trailer lease with FPL. The proposed plan references their intention to assume, and the Court's order of June 1, 2000 states that "[t]he debtors, as part of their Chapter 13 plan confirmed by this Order, have assumed the lease with Financial Pacific for a 2000 Wabash Trailer Mode 53 × 102 Air Ride Attached with Thermo King Unit S/N 0898810987."

█ Once an unexpired lease is assumed postpetition, it, and the effects of a subsequent breach of its terms by the debtor, are no longer treated as prepetition obligations. Assumption has been aptly described as:

> an act of administration that create[s] an obligation of the postpetition bankruptcy estate which is legally distinct from the obligations of the parties prior to the assumption. Any breach of the assumed obligations, whether in the form of a default or a formal rejection of the lease thereby constitutes a breach by the postpetition debtors of postpetition obligations. This postpetition breach or rejection after a prior assumption is afforded priority as an ad-

ministrative expense claim under 11 U.S.C. § 365(g)(2)(A).

*In re Pearson,* 90 B.R. 638, 642 (citing *In re Multech Corp.,* 47 B.R. 747, 750–51 (Bankr.N.D.Iowa 1985)). The debtors plainly wish to breach their lease with FPL by ceasing payments and returning the equipment to the lessor. When they do so, the foregoing authorities dictate that FPL will also be entitled to an administrative expense claim for its postpetition damages flowing from the breach.

At the hearing in this matter, the debtors maintained that FPL was not entitled to an administrative expense claim for rent accruing after surrender of the equipment. In other words, once the debtors no longer have possession of the trailer, the lease payments cease to be an "actual, necessary" cost or expense of preserving the estate under § 502(b)(1)(A) and are therefore not entitled to administrative expense status.

The Second Circuit Court of Appeals addressed a similar argument in *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.),* 78 F.3d 18, 25–26 (2d Cir. 1996). There, the court held that analysis of the benefit of assuming an unexpired lease must take place at the time the lease is assumed. The court further held that assumption of an unexpired lease precludes a subsequent. inquiry into whether the lease benefitted the estate. *Id.* Therefore, once assumed, the full amount of damages arising from the rejection of the lease were entitled to priority as an administrative expense.[3] The Fourth Circuit Court of Appeals has expressly adopted the reasoning of *Klein* in the context of lease assumptions, *Devan v. Simon DeBartolo Group, L.P. (In re Merry–Go–*

---

time of rejection. 11 U.S.C. § 365(g)(2)(B)(ii).

**2.** *In re Merry–Go–Round* involved a Chapter 11 proceeding. However, § 1322(b)(7) renders § 365 applicable to Chapter 13 cases. *See also In re Hall,* 202 B.R. 929, 934 n. 5 (Bankr.W.D.Tenn.1996); *In re Pearson,* 90 B.R. 638 (Bankr.D.N.J.1988) (applying Chap-

ter 11 administrative expense jurisprudence in Chapter 13 context).

**3.** *Accord Samore v. Boswell (In re Multech Corp.),* 47 B.R. 747 (Bankr.N.D.Iowa 1985); LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 365.09[5] n. 26 (15TH ed. rev. 2000) (citing *Adventure Resources v. Holland,* 137 F.3d 786 (4th Cir.1998)).

*Round Enterprises, Inc.),* 180 F.3d 149, 156 (4th Cir.1999), thereby precluding a post assumption analysis under § 502(b)(1)(A).

The Court is mindful that the treatment afforded to the claims of equipment or vehicle lessors under § 365(g)(2) provides them with significant advantages over secured creditors financing the purchase of similar property. The latter category of creditors would be left with a general, unsecured deficiency claim after disposition of its collateral in a similar plan modification scenario. In contrast, the lessor receives administrative expense priority for its claim, including all amounts remaining unpaid under the unexpired terms of the lease, as well as other charges and fees associated with early termination, mileage, etc. This result seems at odds with the general premise in bankruptcy that one creditor should not enjoy a windfall at the expense of other creditors. *See In re Monica Scott,* 123 B.R. 990, 993 (Bankr. D.Minn.1991).

Nevertheless, the Court concludes that is the intent of § 365(g) as enacted by Congress and as interpreted by previous courts.

### THEREFORE, IT IS ORDERED:

The debtors' motion to modify their Chapter 13 plan by surrendering the leased trailer to FPL is allowed. However, the debtors' accompanying request that the Court limit FPL's claim in this matter to a general, unsecured deficiency claim is denied. Instead, FPL shall have 120 days from the entry of this Order, or from the date it receives possession of the trailer, whichever is longer, to file an administrative priority claim for any damages occasioned by the debtors' breach of the lease contract under 11 U.S.C. §§ 365(g)(2)(A) and 507(a)(1).